**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LARRY N. STROMBERG,** | : | |
| **Petitioner,** | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 09-401** |
| **DAVID A. VARANO, et al.,** | : | |
| **Respondents.** | : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                              **July 10, 2012**

Before the Court are Petitioner Larry Stromberg's Objections to the Report and

Recommendation of United States Magistrate Judge Henry S. Perkin.  Judge Perkin recommends

that the Petition be denied as time-barred.  Despite Petitioner's assertions to the contrary,

Petitioner has failed to show extraordinary circumstances and reasonable diligence to justify the

application of equitable tolling to his claims.  Consequently, after a careful and independent

review of the state court record and the filings in this case, the Court will overrule Petitioner's

Objections and deny the Petition without an evidentiary hearing.

### I. BACKGROUND[1]

On May 1, 1996, Petitioner was arrested and charged with two counts of murder,[2] one

count of burglary,[3] possession of an instrument of crime ("PIC"),[4] contempt of court, and

---

[1]  The Report and Recommendation ("R&R") describes in detail the facts and procedural history underlying the Petition, and is accurate and consistent with the record in this case.  The Court adopts the factual background and procedural history as contained in the R&R.  Petitioner, however, for the first time asserts additional facts in his Objections to the R&R.  The Court has chosen to address these additional facts in this Opinion.

[2]  18 Pa. C.S.A. § 2502.

[3]  18 Pa. C.S.A. § 3502.

[4]  18 Pa. C.S.A. § 907.

criminal trespass.[5]  The charges were filed after Petitioner was identified as having stabbed and killed his estranged wife and her mother.  Before she died as a result of her wounds, Petitioner's mother-in-law identified Petitioner as her attacker.  On June 6, 1997, Petitioner was found guilty by a jury in the Philadelphia County Court of Common Pleas.  He was sentenced to life in prison for both the first and second degree murder convictions, and 120 to 240 months for the burglary conviction.  No penalty was imposed for the remaining convictions.

Petitioner appealed to the Superior Court of Pennsylvania.  On March 25, 1999, the Superior Court affirmed the judgment of sentence.  Petitioner's appeal to the Pennsylvania Supreme Court was denied on December 1, 1999.

Approximately nine years later, on December 8, 2008, Petitioner filed a "Motion for Post Conviction Collateral Relief," in this Court, but did so on a Pennsylvania state court form.  The Court dismissed the motion and ordered that, should Petitioner wish to file a habeas corpus petition, he should do so on the District Court's standard form, which was provided to him.[6] Petitioner followed the Court's instruction and the current Petition was filed on January 16, 2009.

On March 20, 2009, Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA") in the Philadelphia County Court of Common Pleas.  On May 15, 2009, upon application of Petitioner's PCRA counsel, this Court stayed the federal proceedings pending disposition of the PCRA petition.  On March 1, 2010, the PCRA court dismissed the PCRA petition as time-barred.  Petitioner filed a notice of appeal with the Pennsylvania Superior Court, but the appeal was later withdrawn.  On November 16, 2010, this

---

[5]  18 Pa. C.S.A. § 3503.

[6]  Civ. A. No. 08-5692, Doc. No. 2.

Court lifted the stay of the federal proceedings after receiving a letter from Petitioner informing the Court that his PCRA appeal had been discontinued.  The Petition was then referred to Magistrate Judge Perkin for a report and recommendation ("R&R").

Petitioner claims that on November 12, 2008, nearly eight years after his conviction became final, he sent a letter to his trial counsel asking him if a plea offer of 40-80 years had been made by prosecutors prior to his trial.  Trial counsel responded: "I think you are correct it was 40-80 years."  Petitioner now asserts that he was never informed that an offer was made, and argues that trial counsel's failure to communicate the offer to him deprived him of his Sixth Amendment right to effective assistance of counsel.  This ineffective assistance of counsel claim forms the basis of the Petition.[7]  Judge Perkin found that the Petition was time-barred and that neither statutory nor equitable tolling applied to render the Petition timely.  He therefore recommended that the Petition be denied.

Petitioner has filed counseled Objections to the R&R.  In his Objections, Petitioner asserts, for the first time, that he hired an attorney in 2000 to represent him in his post-conviction appeals and that the attorney continually assured Petitioner that he was "working on his case." Petitioner states it was not until 2008 that he discovered his attorney had not filed a PCRA or habeas petition on his behalf.  It was only then that he began pursuing his claims on his own.

In support of this assertion, counsel has attached to the Objections a Declaration of Petitioner's uncle, Nicholas Mamallis, in which Mr. Mamallis states that "[s]ometime over a year ago," Petitioner's mother informed him "that she had paid an attorney named Neil Jokelson

---

[7]  Respondents have represented to both this Court and the PCRA court that trial counsel retracted this statement upon further reflection and that no such offer was made.

3

$8,000-$10,000 in 2000 to represent Petitioner following his conviction." Mr. Mamallis contacted Mr. Jokelson, who confirmed he had received the money but did not pursue the case; Mr. Jokelson allegedly refunded about half the amount paid.[8] Petitioner asserts that although the Petition is time-barred, he is entitled to equitable tolling based on Mr. Jokelson's alleged failure to pursue his case.

## II.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[9] applies to an application for a writ of habeas corpus on behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment.[10]  Where a habeas petition, such as the one in this case, is referred to a magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1), a district court judge conducts a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[11]

A federal court may not grant habeas relief if the claims were "adjudicated on the merits in State court" unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

---

[8]  Doc. No. 42-2, Ex. A.

[9]  28 U.S.C. § 2254.

[10]  28 U.S.C. § 2254(a).

[11]  28 U.S.C. § 636(b)(1)(C).

presented in the State court proceeding."[12]

## III.  DISCUSSION

**A.  The Court Need Not Consider Petitioner's New Arguments**

The Court is not required to consider the new arguments raised, for the first time, in Petitioner's Objections to the R&R.  While a court "*may . . .*  receive further evidence" following a magistrate judge's report and recommendation,[13] Local Rule 72.1(IV)(c) provides that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate's Report and Recommendation if they could have been presented to the magistrate judge."  "[T]he issue of how to properly treat an issue raised anew in a habeas petitioner's objections to a magistrate judge's report is one that has not yet reached [the Third Circuit] [C]ourt of [A]ppeals[;]" however, "[t]he majority of district courts in [the Third] [C]ircuit, as well as other circuit courts, that have addressed this issue have concluded that such issues are not properly before the court, and thus are not to be addressed."[14]  Petitioner, in his Objections, raises

---

[12]  28 U.S.C. § 2254(d).

[13]  28 U.S.C. § 636(b)(1)(C) (emphasis added).

[14]  Ramos v. Kyler, No. 03-2051, 2004 WL 828363, at *4 (E.D. Pa. Apr. 12, 2004) (citing McClure v. Wilson, No. 02–1206, 2003 WL 23194654, at *2 (E.D. Pa. Feb. 4, 2003)); see Hammond v. Brooks, No. 04-5783, 2009 WL 1507564, at *6 n.5 (E.D. Pa. May 29, 2009) ("In addition to timeliness, it is generally accepted that a habeas court can refuse to hear claims that were not raised before the magistrate judge." (citing Kirk v. Meyer, 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003))); Jimenez v. Barnhart, 46 F. App'x 684, 684 (3d Cir. 2002) ("[B]ecause Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and  Recommendations, and not in her opening brief, we deem this argument waived."); see also Madol v. Dan Nelson Auto. Grp., 372 F.3d 997, 1000 (8th Cir. 2004) (noting plaintiffs were barred from bringing new arguments before magistrate judge); Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001) ("[P]arties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge." (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000))); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." (citing Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d

new issues and evidence not previously raised in his post-conviction proceedings.  Because these new issues could have been brought before Magistrate Judge Perkin, the Court finds that the "interest of justice" does not require that the Court consider these new issues.

In their initial response to the Petition, Respondents noted that the Petition might be time-barred, yet Petitioner did not address the issue or otherwise argue that he was entitled to equitable tolling.  Petitioner offers no explanation for presenting the issue for the first time in his Objections.  Furthermore, the "new evidence" concerning Petitioner's reliance on Mr. Jokelson's responsibility for pursuing Petitioner's claims does not help his case.  Surely, Petitioner knew of his own reliance on Mr. Jokelson's error before filing his Petition and could have presented the information to Magistrate Judge Perkin.

Petitioner's failure to bring an equitable tolling argument and to present this additional evidence to Magistrate Judge Perkin waives the issue and this Court need not consider it.

**B.** **Petitioner Has Not Shown Extraordinary Circumstances To Warrant Equitable Tolling**

Even if the Court were to consider Petitioner's new argument and the new evidence he presents, Petitioner does not effectively lay out a claim warranting equitable tolling.

Under AEDPA, a petition for a writ of habeas corpus is subject to a one-year statute of limitations.[15]  However, the limitations period may be tolled in appropriate cases where enforcing

---

985, 990-91 (1st Cir.1988))).  But see United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate.").

[15]  See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

6

the statute of limitations would be unfair.[16]  Generally, tolling will be permitted where plaintiff

can show "that he has been pursuing his rights diligently, and . . . that some extraordinary

circumstance stood in his way and prevented timely filing."[17]  The Third Circuit has enumerated

three specific circumstances where equitable tolling may be appropriate: "(1) [if] the defendant

has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented

from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the

wrong forum."[18]

While "[m]ere excusable neglect"[19] does not warrant equitable tolling, serious attorney

misconduct may constitute "extraordinary" circumstances.[20]  Additionally, although attorney

malfeasance may constitute extraordinary circumstances, attorney malfeasance alone is not

enough to warrant equitable tolling.[21]  "[D]istrict courts [are also required] to examine the

petitioner's due diligence in pursuing the matter under the specific circumstances he faced."[22]

---

[16]  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[17]  Id. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)).

[18]  Butler v. Walsh, ___ F. Supp. 2d ___, No. 11–2355, 2012 WL 677973, at *4 (E.D. Pa. Mar. 1, 2012) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).

[19]  Miller v. N.J. State Dept. of Corr., 145 F.3d 616, 619 (3d Cir. 1998) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

[20]  Holland, 130 S. Ct. at 2564; see Cristin v. Wolfe, 168 F. App'x 508, 511 (3d Cir. 2006) ("Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling.").

[21]  Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004) ("[A] finding that attorney malfeasance is an extraordinary circumstance, without more, is not sufficient to warrant equitable tolling.").

[22]  Id. (citing Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)); see also Satterfield v. Johnson, 434 F.3d 185, 196 (3d Cir. 2006) ("Even if [Petitioner]'s filing in the wrong court constituted an extraordinary circumstance, he would not be eligible for equitable tolling because of his lack of diligence in pursuing his petition.").

"Due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances."[23]

Petitioner has not established extraordinary circumstances, or shown that he was reasonably diligent in pursuing his claim so as to warrant equitable tolling. Petitioner bases his claim for equitable tolling on the alleged fact that the attorney he hired to pursue his claims assured Petitioner he was working on the case over a period of eight years, when in fact the attorney never filed for any relief. Petitioner claims that this inaction by his attorney, coupled with the attorney's assurances to the contrary, amount to "serious attorney negligence." Petitioner further states that he relied on these assurances because he was heavily medicated at the time.[24]

However, the Third Circuit has recognized that there is a stark difference between a plaintiff who is "misled by what the attorney say[s] he ha[s] done," and a plaintiff who is misled "by what [his attorney] said he would do."[25] When an attorney represents his intent to file something on his client's behalf, but does not ultimately do so, it does not necessarily give rise to extraordinary circumstances.[26] Petitioner, in this case, simply asserts that his attorney assured

---

[23] Schlueter, 384 F.3d at 74 (citing Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004)).

[24] Petitioner alludes to being heavily medicated as the cause for his reliance on his attorney's assurances. To the extent that Petitioner mentions this to support his extraordinary circumstances argument or to excuse his lack of reasonable diligence, it is not determinative. Petitioner has failed to make a factual showing of mental incapacity. Therefore, he is not entitled to extraordinary circumstances or any other deference based on his medicated state. See Lawrence v. Florida, 549 U.S. 327, 337 (2007) (finding that an argument of mental incapacity so as to justify reliance on counsel does not amount to extraordinary circumstances where there is no factual showing of mental incapacity).

[25] Schlueter, 384 F.3d at 76.

[26] See id. (finding that where an attorney told his client that he anticipated filing a PCRA petition, but did not do so, was not an extraordinary circumstance).

him that he was working on the case, but does not assert any act of "affirmative misrepresentation," so as to prove extraordinary circumstances.[27]  Petitioner does not provide any information concerning discussions with his attorney or any details of what his attorney said, other than stating that the attorney provided assurances.  Petitioner has not established that his attorney's malfeasance was more than mere negligence.

Moreover, Petitioner has failed to offer any proof in support of his claims that he was misled by his attorney.  The only evidence Petitioner has submitted in support of his claim that he was misled by his an attorney is the declaration of Mr. Mamallis.  Even if the Court accepts this declaration as true, it establishes only that an attorney was retained.  It does not establish that the attorney repeatedly assured Petitioner that he was working on his case.  Thus, the declaration does not establish that Petitioner's failure to actively pursue post-conviction remedies for eight years was a result of counsel's repeated untruthful assurances and does not support Petitioner's claim that his own eight years of inactivity should be excused by the Court.[28]

Furthermore, notwithstanding alleged malfeasance of Petitioner's attorney, Petitioner himself failed to exercise reasonable diligence in pursuit of his post-conviction remedies.  Therefore, even if Petitioner established attorney malfeasance, Petitioner is not entitled to equitable tolling because he has failed to show that "he has been pursuing his rights diligently."[29]

---

[27] Id. (stating that where an attorney falsely states to his client that he has filed a claim on his behalf, equitable tolling might be warranted (citing Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999))).

[28] Furthermore, Mr. Mamallis's averment that an attorney was retained in 2000 is based on statements made by Petitioner's mother, not on Mr. Mamallis's personal knowledge of this fact.  It is therefore not admissible to prove that an attorney was, in fact, retained in 2000.  See generally Fed. R. Evid. 801, 802.

[29] Holland, 130 S. Ct. at 2562 (citing Pace, 544 U.S. at 418).

Petitioner relies heavily on Holland v. Florida,[30] where attorney misconduct did amount to extraordinary circumstances.  However, Holland is distinguishable from the case at hand, because of the diligence Holland exercised.  Holland repeatedly wrote to his attorney, often without any response, in an attempt to obtain information on the status of his case.[31]  After realizing counsel's indifference to his case, Holland attempted to pursue the matter on his own. On several occasions, Holland requested that the Florida Supreme Court remove his court-appointed attorney from the case due to lack of communication.[32]  Holland also wrote to the Clerk of the Florida Supreme Court attempting to get status updates after his attorney failed to respond,[33] and filed complaints with the Florida Bar Association regarding his attorney's conduct.[34]  Albeit late, Holland also attempted to file his own *pro se* habeas petition in an effort to preserve his rights.[35]

Here, Petitioner has failed to show a similar level of diligence.[36]  Petitioner does not describe *any* attempts he made to preserve his rights other than occasional contact with his

---

[30]  130 S. Ct. 2549 (2010).

[31]  Id. at 2555-59.

[32]  Id. at 2555.

[33]  Id. at 2556.

[34]  Id. at 2559.

[35]  Id. at 2557.

[36]  Compare Seitzinger, 165 F.3d at 237-38 (finding equitable tolling appropriate where "a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had."), with Schlueter, 384 F.3d at 77-78 (finding that a delay in filing a habeas petition which was the alleged result of the attorney's failure to file a PCRA, despite the attorney's representation that he would do so, did not warrant equitable tolling because the petitioner did not take "affirmative steps to ensure the timely filing of a PCRA petition," and also did not "attempt to ascertain . . . whether [the attorney], in fact, had filed a PCRA petition.").

attorney.  Petitioner could have learned, through the exercise of reasonable diligence, that his attorney had not actually filed anything on his behalf.  Instead, eight years passed before Petitioner took any affirmative steps to pursue the matter on his own.[37]

## IV.  CONCLUSION

In sum, the Petition is time-barred.  The Court need not consider new arguments and evidence that Petitioner presents in his Objections, which he failed to raise before Magistrate Judge Perkin, and even if it did, Petitioner is not entitled to equitable tolling.  Accordingly, the Court will overrule Petitioner's Objections, approve and adopt the Report and Recommendation, and deny the Petition.  Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.[38]

An appropriate Order follows.

---

[37] In Martinez v. Ryan, 132 S. Ct. 1309 (2012), the Supreme Court held that where state law requires "claims of ineffective assistance of trial counsel . . . be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trials if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Id. at 1320. Martinez is not controlling in this case because the Court denied the Petition as time-barred, not procedurally defaulted.  Furthermore, the consideration of procedurally defaulted claims does not alleviate a petitioner's burden to overcome ADEPA's statute of limitations or to prove the merits of his case.  As discussed above, Petitioner's claims here are barred by ADEPA's one-year statute of limitation and Petitioner is not entitled to equitable tolling.

[38] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Pursuant to Local Appellate Rule 22.2, at the time of a final order denying a habeas petition, a district judge is required to determine whether a certificate of appealability ("COA") should issue.  A COA should not be issued unless "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Id. (internal quotation marks omitted).